UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RICHARD LAMONTE THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:13-CV-530-TAV-CCS |
| | ) |
| TERRINCE BELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

On September 3, 2013, Richard Lamonte Thompson ("Plaintiff") filed this civil rights action pursuant to 28 U.S.C. § 1983 [Doc. 1]. Plaintiff names as defendants Terrince Bell, Tosha Hall, and Shawn Jenkins (collectively "Defendants").

### I.   ENTRY OF DEFAULT

Now before the Court is a letter filed by Plaintiff inquiring about default judgment for Defendants [Doc. 25].

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. *See* Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 20 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).

Summonses to Defendants Terrince Bell and Shawn Jenkins were returned unexecuted on October 26, 2015 [Docs. 19, 20]. On Terrince Bell's returned summons, the Human Resources

personnel advised that "Mr. Bell doesn't work for TN Dept. of Children Services" and noted "Return to Sender- Address Unknown" [Doc. 19 p. 1]. Shawn Jenkins's returned summons contains the notation "Return to sender- unable to forward" [Doc. 20 p. 1]. It is also noted on Mr. Jenkins's returned summons that Deputy Frazier is unable to locate a current address for Shawn Jenkins [*Id.*]. Where an individual defendant has not been properly served with process, a district court has no jurisdiction to enter judgment against that defendant. *Abel v. Harp*, 122 Fed. App'x 248, 250 (6th Cir. 2005). Accordingly, any request by Plaintiff to do such would be denied.

Moreover, the Court's file reflects that Defendant Tosha Hall was served with process on November 16, 2013 [Doc. 6] and the Clerk filed an entry of default as to Tosha Hall on December 21, 2015 [Doc. 22]. Based on the following analysis, the Court finds this entry of default [Doc. 22] premature prior to screening Plaintiff's complaint in accordance with the Prisoner Litigation Reform Act.

## II.   SCREENING REQUIREMENT

Pursuant to the Prisoner Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). The Sixth Circuit states that a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983). However, an exception to this general rule permits a district court to

dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

Plaintiff's complaint is a pro se complaint subject to screening. Thus, the Court finds that Defendants are not required to file an answer or other pleading in response to Plaintiff's complaint until after the Court has completed its mandatory screening process to determine whether Plaintiff states any cognizable claims.

## III. DISCUSSION

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A]

3

because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In his complaint, Plaintiff asserts that in February of 2013, prior to his imprisonment, Defendant Shawn Jenkins called Plaintiff's cell phone asking if Plaintiff has "ever touched his daughter age 5 at the time inappropriately" [Doc. 2 p. 4]. Plaintiff denied any inappropriate touching between himself and the young girl but Mr. Jenkins stated that the child had told him otherwise [*Id.*]. Plaintiff complains that these allegations against him by Shawn Jenkins and Tosha Hall are all lies [*Id.*]. Plaintiff filed this civil rights complaint against the named Defendants for "slander and defamation" [*Id.* at 7]. He states that the Department of Children's Services has started an investigation based on these untrue statements [*Id.* at 6]. At the time the complaint was filed, Plaintiff had not been charged for the alleged inappropriate actions [*Id.*]. He "hope[s] this Court will investigate these untrue statements made against [him] to be unfound and without merit" [*Id.* at 7].

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). In the present case, the individuals named as defendants are not deemed persons acting under color of state law, nor has Plaintiff shown that these individuals violated any right secured by the United States Constitution. Thus, to the extent Plaintiff seeks to raise § 1983 claims based upon a theory of defamation[1] those claims must fail. *See Voyticky v. Vill. Of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) ("[D]efamation, by itself, does not constitute a remediable constitutional claim.");

---

[1] Under Tennessee law, "[l]ibel and slander are both forms of defamation; libel being written defamation and slander being spoken defamation." *Davis v. Tennessean*, 83 S.W.3d 125, 128 (Tenn. Ct. App. 2001)(citation omitted).

*Azar v. Conley*, 456 F.2d 1382, 1389 (6th Cir. 1972) ("[T]he Civil Rights Act does not give rise to a cause of action for slander."). Further, to the extent the complaint might be construed to state a cause of action under Tennessee law for defamation, this Court lacks supplemental jurisdiction over that claim in the absence of a colorable federal claim over which the Court might appropriately exercise original jurisdiction. *See Dickerson v. Robinson*, No. 3:12-CV-802, 2012 WL 3472196, at *3 (M.D. Tenn. Aug. 14, 2012).

Accordingly, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted and this action will be dismissed.

## IV. CONCLUSION

In light of the above law and analysis, the Court finds that Plaintiff's contentions fail to state § 1983 claims against Defendants and therefore, this case will be **DISMISSED** *sua sponte* in its entirety under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE